UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHITIKHOUN PHANBANDITH,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>JAMES E. TILTON, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　　　　　Respondent. | Civil No.   07cv0155-L (CAB)<br><br>**ORDER SUA SPONTE SUBSTITUTING RESPONDENTS** |

　　　Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner named as Respondents to this action Mike Knowles, the Warden of the institution where he was confined, and Bill Lockyer, the former Attorney General of the State of California.

　　　Petitioner has notified the Court that he has been transferred to another prison.  A writ of habeas corpus acts upon the custodian of the state prisoner.  See 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254.  Because Petitioner's place of confinement has changed, the Respondent to this action has also changed.  In order to conform with the requirements of Rule 2(a) of the Rules Governing § 2254 Cases and to avoid changing the Respondent again if Petitioner is transferred to another prison or paroled, the Court hereby sua sponte **ORDERS** the substitution of James E. Tilton, Secretary of the California Department of Corrections and Rehabilitation,

1  as Respondent in place of "Mike Knowles." See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894
2  (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the chief officer in
3  charge of state penal institutions).
4      Additionally, Bill Lockyer, the former Attorney General of the State of California, is not
5  a proper respondent in this action. Rule 2 of the Rules following § 2254 provides that the state
6  officer having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll.
7  § 2254. However, "[i]f the petitioner is not yet in custody – but may be subject to future custody
8  – under the state-court judgment being contested, the petition must name as respondents both
9  the officer who has current custody and the attorney general of the state where the judgement
10 was entered." Rule 2 (b), 28 U.S.C. foll. § 2254. Here, there is no basis for Petitioner to have
11 named the Attorney General as a respondent in this action.
12     Accordingly, the Court **DIRECTS** the Clerk of Court to modify the docket to reflect
13 James E. Tilton as Respondent.
14     **IT IS SO ORDERED.**
15
16 DATED: June 1, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge